IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-HC-02087-M

| | | |
|---|---|---|
| SUDAMA L. GIBBONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DONNA M. SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

On April 13, 2018, Sudama L. Gibbons ("petitioner"), a federal inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]. On October 29, 2018, the court conducted its preliminary review under 28 U.S.C. § 2243 and allowed the action to proceed. Order [D.E. 8].

On April 26, 2019, respondent filed a motion to dismiss the petition [D.E. 18], together with a memorandum in support [D.E. 19]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 20].

On May 9, 2019, petitioner timely filed a response in opposition to respondent's motion to dismiss [D.E. 21]. On August 16, 2019, petitioner filed a supplemental memorandum [D.E. 22]. On January 7, 2020, the action was reassigned to the undersigned judge via a text order.

On April 1, 2020, the court issued an order directing respondent to file a supplemental brief addressing the applicability of Braswell v. Smith, 952 F.3d 441, 443 (4th Cir. 2020) ("Braswell"), and the Government's unopposed motion for remand in Fleming v. Smith, No. 18-7502, (4th Cir. Oct. 24, 2019), [D.E. 33] ("Fleming"), and allowing petitioner to file a response. Order [D.E. 25].

On April 3, 2020, petitioner moved for expedited review. Mot. [D.E. 26]. On April 15, 2020, respondent filed supplemental briefing in response to the court's order [D.E. 28]. On April 27, 2020, petitioner timely filed his response [D.E. 29].

For the reasons discussed below, the court denies as moot petitioner's motion for expedited review, grants respondent's motion to dismiss, and dismisses the petition for lack of jurisdiction.

Background:

On June 28, 2005, in the United States District Court for the Western District of North Carolina ("sentencing court"), petitioner was indicted for: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Count 1); possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A) (Count 2); and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3). United States v. Gibbons, No. 3:05-cr-00260-RJC (W.D.N.C. June 28, 2005), Indictment [D.E. 1].

On November 1, 2005, the Government filed a notice under 21 U.S.C. § 851 to enhance petitioner's sentence pursuant to petitioner's prior North Carolina conviction for possessing cocaine with intent to sell or deliver. Id., [D.E. 12]. On November 4, 2005, petitioner pleaded guilty to the indictment without a written plea agreement. Id., [D.E. 13]. On October 30, 2006, petitioner was sentenced to, among other things, 322 months' imprisonment and a ten-year term of supervised release. Id., J. [D.E. 17]. Petitioner did not directly appeal.

Circa March 20, 2012, petitioner moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Id., Mot. [D.E. 27]. Petitioner argued that, due to intervening changes in the law, he no longer had "the required predicate offenses to sustain the government's 21 U.S.C. § 851 enhancement" or a career offender finding under §4B1.1 of the United States Sentencing Guidelines ("Guidelines"), because his predicate conviction did not impose a sentence of over one-

year of imprisonment. Id. at 4, 12, 17–20 (citing, e.g., Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010);[1] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) ("Simmons")).[2]

The sentencing court appointed counsel to represent petitioner in this section 2255 motion. Id., Order [D.E. 32] at 3. On July 12, 2013, petitioner filed through counsel a memorandum in support of petitioner's section 2255 motion in reliance on Simmons. See Gibbons v. United States, 3:12-cv-00180-RJC (W.D.N.C.), Supp. Mot. [D.E. 7]. In August 2013, in Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013) ("Miller"), the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") found that the holding in Simmons applied retroactively to cases on collateral review. On February 4, 2014, petitioner filed *pro se* an additional memorandum of law in support of his section 2255 motion. Id., [D.E. 8].

On March 30, 2015, petitioner's § 2255 motion was denied. Id. Order [D.E. 24]; Gibbons, No. 3:05-cr-00260-RJC (W.D.N.C. Mar. 30, 2015), Order [D.E. 32]. Petitioner did not appeal.

Legal Standard:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). However, prisoners that are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Although petitioner filed the instant petition pursuant to section 2241, he challenges the

---

[1] Carachuri–Rosendo found that, to determine whether a conviction was an "aggravated felony" under the Immigration and Nationality Act, a court must consider the defendant's actual conviction, not the offense for which defendant could have possibly been convicted, and the crime also must be one for which the maximum term of imprisonment authorized is longer than one year. Carachuri–Rosendo, 560 U.S. at 567, 582 (quotation marks and citations omitted).

[2] Simmons applied the reasoning of Carachuri–Rosendo and held that, when "deciding whether to enhance federal sentences based on prior North Carolina convictions, . . . [the courts look] to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history." United States v. Powell, 691 F.3d 554, 556 (4th Cir. 2012).

3

validity, not the execution, of his sentence. Thus, petitioner generally must seek relief under section 2255. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (per curiam); In re Vial, 115 F.3d at 1194. Petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "savings clause" of 28 U.S.C. § 2255(e)); see In re Vial, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).

In United States v. Wheeler, 886 F.3d 415, 426–30 (4th Cir. 2018) ("Wheeler"), cert. denied, 139 S.Ct. 1318 (2019), the Fourth Circuit announced a new section 2255(e) "savings clause" test for individuals challenging the legality of a sentence in a section 2241 petition. Wheeler found § 2255 relief is "inadequate or ineffective" to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429. However, because the § 2255(e) savings clause is a "jurisdictional provision," the court lacks jurisdiction to rule on a § 2241 petition unless the petitioner satisfies the requirements of the savings clause test. See id. at 423; Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

Arguments:

Petitioner contends that, because his predicate state drug conviction did not impose a sentence of imprisonment of more than one year, he was incorrectly sentenced as a career offender

under Guidelines §4B1.1, and his sentence was erroneously enhanced under 21 U.S.C. § 851. See Pet. [D.E. 1] at 4, 6–7. Petitioner relies on Simmons and Wheeler. Pet. Mem. [D.E. 4] at 1, 7.

Respondent argues that the court must dismiss the petition for lack of jurisdiction because petitioner fails to satisfy the Wheeler test's second and fourth prongs. See Resp't Mem. [D.E. 19].

Petitioner responds: 1) he satisfies the Wheeler test's second prong because Simmons did not apply retroactively until after he filed his first § 2255 petition; and 2) because the erroneous application of § 851 increased his mandatory minimum sentence, it was sufficiently grave to satisfy the Wheeler test's fourth prong. Pet'r's Resp. Opp'n Resp't Mot. Dismiss [D.E. 21] at 3, 5–6.

In response to the court's order to supplement, respondent admits that an erroneous application of § 851 may satisfy the Wheeler test's fourth prong, but contends that dismissal of the action remains appropriate because 1) Braswell does not allow petitioner to satisfy the Wheeler test's second prong, and 2) the Government's motion to dismiss in Fleming is both non-binding and substantially distinguishable from the instant action. See Resp't Resp. [D.E. 28] at 1–3.

In his memorandum in response, petitioner argues that he satisfies the second prong of the Wheeler test for the same reasons as the petitioner in Braswell. Pet'r's Resp. [D.E. 29] at 2–3.

Discussion:

Petitioner's challenge to the § 851 enhancement of his sentence cannot satisfy the Wheeler test's second prong. First, Wheeler does not change any substantive law affecting the legality of petitioner's sentence. Second, as respondent correctly notes, Fleming is both non-binding and distinguishable from the instant action. Third, petitioner's reliance on Braswell also is misplaced.

Braswell concluded that, "in order for a petitioner to satisfy prong two [of the Wheeler test], the *combination* of the change in settled substantive law and its retroactivity must occur after the first §2255 motion has been resolved." Braswell, 952 F.3d at 448 (emphasis original). The

5

Braswell petitioner's first section 2255 petition was resolved prior to August 2014, the date Simmons was held to apply retroactively on collateral appeal in Miller. Id. at 447–50. By contrast, the instant petitioner's first section 2255 motion was resolved in 2015, well after Simmons was held to apply retroactively on collateral appeal. Thus, unlike the Braswell petitioner, petitioner in this action cannot satisfy the second prong of the Wheeler test via Simmons. See Wheeler, 886 F.3d at 429.

To the extent petitioner instead challenges his career offender sentence enhancement under Guidelines §4B1.1, petitioner was sentenced under the advisory Guidelines, see United States v. Booker, 543 U.S. 220, 245 (2005) ("Booker") (rendering the Guidelines non-mandatory), and therefore cannot satisfy the fourth Wheeler prong. See Foote, 784 F.3d at 941–42 (4th Cir. 2015) (finding a misapplied career-offender enhancement under advisory Guidelines is not a "fundamental defect"); accord Braswell, 952 F.3d at 450; cf. Lester, 909 F.3d at 715 (4th Cir. 2018) (finding a misapplied career-offender sentence may be a "fundamental defect" for a petitioner sentenced under the pre-Booker mandatory Guidelines).

In sum, because petitioner fails to satisfy the Wheeler test, petitioner also cannot satisfy the section 2255(e) "savings clause" requirements for demonstrating that a section 2255 motion is "inadequate or ineffective" to test the legality of his sentence, and the court lacks jurisdiction to consider this section 2241 habeas petition. See Wheeler, 886 F.3d at 423; Rice, 617 F.3d at 807.

Conclusion:

In sum, the court: DENIES AS MOOT the motion for expedited review [D.E. 26]; GRANTS respondent's motion to dismiss [D.E. 18]; DISMISSES WITHOUT PREJUDICE the

6

Case 5:18-hc-02087-M   Document 30   Filed 05/11/20   Page 6 of 7

instant habeas petition [D.E. 1] for lack of jurisdiction; and DIRECTS the clerk to close the case.

SO ORDERED. This 11TH day of May, 2020.

*Richard E Myers II*
RICHARD E. MYERS II
United States District Judge